ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Application Under the Equal Access to Justice Act of -- | ) ) ) | |
| Tech Projects, LLC | ) ) | ASBCA No. 58789 |
| Under Contract Nos. W9124Q-08-T-0003 W9124Q-08-R-0004 | ) ) | |

APPEARANCE FOR THE APPELLANT:  Joseph E. Schmitz, Esq.
Schmitz & Socarras LLP
McLean, VA

APPEARANCES FOR THE GOVERNMENT:  Raymond M. Saunders, Esq.
Army Chief Trial Attorney
CPT Evan C. Williams, JA
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE YOUNGER
## ON APPELLANT'S MOTION FOR RECONSIDERATION

Appellant, Tech Projects, LLC (Tech Projects), has filed a motion for reconsideration of our decision denying its application for fees and expenses under the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504(a). In the merits proceeding, we dismissed the appeal as moot after the Army "voluntarily agreed to pay [Tech Projects] the remaining principal balance of its claim, plus accrued interest." *Tech Projects, LLC*, ASBCA No. 58789, 16-1 BCA ¶ 36,443 at 177,616. In the ensuing EAJA proceeding, we held that, "because Tech Projects did not secure either a decision sustaining its appeal, or a consent judgment, it lack[ed] 'prevailing party' status" under EAJA. *Id.*

On reconsideration, we decline to modify our decision denying Tech Projects' application for fees and expenses under EAJA. "Absent compelling reason, the Board will not modify its decision on reconsideration." *Zulco International, Inc.*, ASBCA No. 55441, 08-1 BCA ¶ 33,799 at 167,319. "The general standards we apply in deciding a motion for reconsideration are whether the motion is based upon newly discovered evidence, mistakes in our findings of fact or errors of law." *Robinson Quality Constructors*, ASBCA No. 55784, 09-2 BCA ¶ 34,171 at 168,911. "The purpose of reconsideration is not to afford a party the opportunity to re-argue contentions that had been fully considered and rejected by the Board." *McDonnell Douglas Electronics Systems Co.*, ASBCA No. 45455, 99-1 BCA ¶ 30,132 at 149,057; *Computer Sciences Corp.*, ASBCA Nos. 56168, 56169, 09-2 BCA ¶ 34,261 at 169,283.

In its present motion, Tech Projects advances three arguments in support of reconsideration. Its first argument is that we misapplied *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001) (Memorandum in Support of Motion for Reconsideration (motion) at 2-5). According to Tech Projects, we erroneously read *Buckhannon*, as well as relevant Federal Circuit decisions, and our own cases, to require that a fee applicant must have obtained either a judgment or a consent decree in the underlying appeal to satisfy EAJA's "prevailing party" requirement (motion at 2). *See Tech Projects*, 16-1 BCA ¶ 36,443 at 177,616-17. Tech Projects insists that, in entering our order dismissing its application as moot, we gave the requisite judicial imprimatur to the government's voluntary change of conduct that materially altered the parties' legal relationship such as to permit an award of attorney fees (motion at 3).

In denying Tech Projects' application, however, we did not rely solely upon *Buckhannon*. We also followed *Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371 (Fed. Cir. 2002), *cert. denied*, 537 U.S. 1106 (2003) (reading *Buckhannon* to require "an enforceable judgment...or a court-ordered consent decree"); *Rice Services, Ltd. v. United States*, 405 F.3d 1017, 1025 (Fed. Cir. 2005) (to establish "prevailing party" status, an applicant must show an enforceable judgment or court-ordered consent decree, or the equivalent); as well as *Military Aircraft Parts*, ASBCA No. 59632, 15-1 BCA ¶ 35,897 at 175,487; and *Lasmer Industries, Inc.*, ASBCA No. 56411, 10-2 BCA ¶ 34,491 at 170,123, both of which require either a Board decision sustaining the appeal or a consent judgment to qualify as a prevailing party.

In its present motion, Tech Projects relies upon two court of appeals decisions from other circuits, *American Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1317 (11th Cir. 2002); and *United States ex rel. Long v. GSD&M Idea City, LLC*, 807 F.3d 125 (5th Cir. 2015). Neither is controlling because we "must follow relevant decisions of...the Federal Circuit." *Dellew Corp. v. United States*, 855 F.3d 1375, 1382 (Fed. Cir. 2017). Both decisions are distinguishable in any event.

Tech Projects asserts that *Chmielarz* requires the conclusion that our dismissal order materially altered its legal relationship with the Army because "the Army was a debtor before the...[dismissal] Order and was not a debtor after it" (motion at 4). But in *Chmielarz*, the district court had "approved, adopted and ratified' the parties' settlement, [and] expressly retained jurisdiction to enforce its terms." *Chmielarz*, 289 F.3d at 1321. In our dismissal order here, by contrast, we simply recited the parties' respective representations regarding the settlement and stated that "[t]he appeal is accordingly dismissed as moot." *Tech Projects*, 16-1 BCA ¶ 36,443 at 177,616. We did not adopt, approve, or ratify the settlement, and did not retain jurisdiction.

*GSD&M* is also inapposite. The court's interpretation of the "prevailing party" standard was confined to Rule 54(d) of the Federal Rules of Civil Procedure. *GSD&M*, 807 F.3d at 128, and did not address the standard under EAJA. Nothing in the court's decision, or in the Eleventh Circuit's decision in *Chmielarz*, calls into question the rule in the Federal Circuit that, under *Buckhannon*, "an EAJA applicant must show that it obtained an enforceable judgment on the merits or a court-ordered consent decree that materially altered the legal relationship between the parties, or the equivalent of either of those." *Rice Services*, 405 F.3d at 1025.

Tech Projects' second argument in support of reconsideration is that our denial of its EAJA application was arbitrary and capricious because we "fail[ed] to mention many of the material facts supporting...[the] EAJA Application" (motion at 5). In making this argument, Tech Projects details almost four pages of what it characterizes as material facts about which we should have made findings (*id.* at 6-9). Thus, Tech Projects insists that we should have made findings regarding such facts as: the Army's loss of a binder containing supporting documentation for the claim; the history of the parties' settlement negotiations; and Tech Projects' entreaties to the Army to engage in ADR (*id.* at 6-7).

This argument affords no occasion for reconsideration. Tech Projects fails to demonstrate how any of these facts constitute either "newly discovered evidence [or] mistakes in our findings." *Robinson Quality Constructors*, 09-2 BCA ¶ 34,171 at 168,911. In denying the EAJA application, we relied on those facts that we deemed appropriate and sufficient for our decision. Indeed, none of these additional facts have any bearing upon the only salient issue before us: the character of our dismissal order.

Tech Projects' third argument in support of reconsideration is that, if allowed to stand, our decision will exacerbate the type of government abuse of small business that EAJA was designed to prevent (motion at 10-12). By this argument, Tech Projects also fails to demonstrate any "newly discovered evidence, [or] mistakes in our findings of fact or errors of law." *Robinson Quality Constructors*, 09-2 BCA ¶ 34,171 at 168,911, and hence the argument does not warrant modification of our decision.

3

## CONCLUSION

Tech Projects' motion for reconsideration is denied.

Dated: 9 January 2018

ALEXANDER YOUNGER
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals on an application for fees and other expenses incurred in connection with ASBCA No. 58789, Appeal of Tech Projects, LLC, rendered in accordance with 5 U.S.C. § 504.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4